Fishwick v. State.

## AUTOMOBILES—ASSAULT AND BATTERY.

[Hamilton (1st) Circuit Court, August 1, 1911.]

Smith, Swing and Jones, JJ.

### *A. B. FISHWICK v. STATE OF OHIO.

**Conviction for Assault and Battery of Pedestrian Run Down and Struck by Automobile Exceeding Speed Restrictions Not Reversed.**

Since Gen. Code 12603, 12604, regulating the operation and speed of automobiles are constitutional, a conviction for assault and battery of one violating such speed restrictions in a city and running down and striking a person rightfully passing upon or across a street, though unintentionally done, will not be set aside.

ERROR to common pleas court.

The defendant below was accused of having unlawfully assaulted William Ryan, a young lad, while' attempting to cross one of the streets in the residential part of Cincinnati; the lad upon emerging from behind a wagon driven along the street being struck and injured by an automobile. On the trial in the police court it appeared that the automobile was driven at a high rate of speed, one witness testifying to a speed of forty miles an hour, and on the wrong side of the street as prescribed by the city traffic ordinance. No question of intent to injure young Ryan appears.

Attention was called in the trial court to Gen. Code 12603, "Whoever operates a motor vehicle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width,. traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five dollars nor more than fifty dollars," and,

Gen. Code 12604, "Whoever operates a motor cycle or motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality or more than fifteen miles an hour in other portions thereof or more than twenty miles an hour outside of a municipality, shall be

---

*Affirming, **Fishwick v. State,** 21 Dec. 127; **State v. Fishwick,** 57 Bull. 59.

Hamilton County.

fined not more than twenty-five dollars, and, for a second offense shall be fined not less than twenty-five dollars nor more than fifty dollars.''

This question was raised in the common pleas on error:

''Can a person be guilty of assault and battery who, while intentionally violating a statute of Ohio prohibiting the driving of an automobile beyond certain speed limits, upon the street of a municipality in this state, unintentionally runs into, strikes and injures a person rightfully passing upon or across said street?''

That court answered in the affirmative, *Fishwick* v. *State*, 21 Dec. 127 (10 N. S. 110), and error is prosecuted here.

　*Thomas H. Darby*, for plaintiff in error.

　*C. H. Urban* and *W. C. Lambert*, for defendant in error.

**SMITH, J.**

As the court is of the opinion that Gen. Code 12603, 12604, are constitutional, it would seem that the judgment of the court below is correct.

The case we think is fully within the rule laid down in *Johnson* v. *State*, 66 Ohio St. 59 [63 N. E. Rep. 607; 61 L. R. A. 277; 90 Am. St. Rep. 564].

　**Swing** and **Jones, JJ.,** concur.